PER CURIAM:
Claimant brought this action to recover damages for his loss of clothing. On June 23, 1987, claimant sent his clothes to the penitentiary laundry to be washed, and the clothing was not returned to him. He filed a grievance relating to this matter with the warden of the penitentiary on June 24, 1987. He seeks $128.00. This amount represents his estimate of the value of his personal items.
Claimant testified that inmates are not charged for the cost of laundering their clothes. He explained that the inmates set their laundry outside of their cells in laundry bags and it is picked up by laundry personnel (inmates). The guards return the clean laundry by placing the laundry *197 bags outside of the cell doors. He stated that "... sometimes you'll get it back the next day. They've got different days how they do it and they've got different hours when they bring it back. They bring it back when they get good and ready."
He listed the following items as being lost: two pair of Nike shorts, one Nike tank top, two pair of McGregor sweat pants, six pair of tube socks, one windbreaker jacket, and one pair of shoes. The claimant presented to the Court one accurate copy of an Inmate Property Form which listed the items and dates that these items were received by claimant. Respondent stipulated to the list. Claimant's property form listed only three pairs of socks, but he claimed that he lost six pairs. He explained that he actually did have six pairs of tube socks. He testified that he lacked the sales receipts for his missing items of clothing. The clothing did not have any identifying marks. He admitted that if he had requested that the guards mark his clothing for him, they would have done so.
James Harold Kirby, an officer at the penitentiary, testified regarding the policy with regard to laundry at the penitentiary. When laundry is lost, there is a form which the inmates fill out to be turned into the hall captain. The inmate's cell is then searched to ascertain that the items are not in the inmate's cell. The personal property loss form is given to the laundry officer and then delivered to Officer Kirby. He then attempts to locate the lost property items for the inmate. He indicated that he has no way of knowing whether the property listed as lost by the inmate was sent to the laundry. Claimant herein did not complete the property loss form at the time that he allegedly lost his personal property. The penitentiary was unable to attempt a reconciliation with the claimant as the property form was not completed in a timely manner.
The Court is of the opinion that the State is not an insurer of clothing or other articles which inmates choose to bring into any State facility. Therefore, the Court is of the opinion to and does disallow this claim.
Claim disallowed.